UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
THE AMALGAMATED NATIONAL HEALTH  :
FUND, *et al.*,                                           :
                                                                      :
                              Plaintiffs, :
                                                                      :
                 -v –                           :
                                                                      :
HICKEY FREEMAN TAILORED CLOTHING, :
INC., *et al.*,                                            :
                             Defendants. :
                                                                      :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2024

1:23-cv-1428-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

On February 28, 2024, Magistrate Judge Katharine Parker issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Parker recommended denying Defendants' partial motion to dismiss the claims against Defendant Stephen Granovsky. Because the Report and Recommendation is sound, the Court adopts it in full and denies Defendants' partial motion to dismiss.

**I.     BACKGROUND**

The Court refers to the Report and Recommendation, Dkt. No. 68 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to the motion.

The complaint in this matter was filed on February 21, 2023. Dkt. No. 1. An amended complaint was filed on April 12, 2023. Dkt. No. 28 ("Complaint"). Defendants moved to dismiss the amended complaint's claims against Mr. Granovsky on April 26, 2023. Dkt. No. 29. The partial motion to dismiss was fully briefed on September 12, 2023. *See* Dkt. Nos. 31, 36, 42. Judge Parker issued her R&R on February 28, 2024. *See* R&R. In the R&R, Judge Parker carefully analyzed the arguments presented and recommended that the Court deny Defendants' partial motion to dismiss.

Specifically, Judge Parker found that Plaintiffs had adequately pleaded their Employee Retirement Income Security Act of 1974 ("ERISA") claims against Mr. Granovsky, meeting the heightened pleading standard under Fed. R. Civ. P. 9(b).

On March 13, 2024, Defendants filed objections to the R&R.  Dkt. No. 69 ("Objections"). On March 27, 2024, Plaintiffs filed a response to Defendants' Objections.  Dkt. No. 71.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

**III.    DISCUSSION**

For purposes of its evaluation of the R&R, the Court treats Defendants' objections as sufficiently precise to merit *de novo* review.  The Court has reviewed the briefing with respect to the motion to dismiss and the Objections and has conducted a *de novo* review of the arguments presented in connection with the motion to dismiss, informed by the arguments presented in the Objections and the briefing responding to them.  Having done so, the Court finds that the Objections are unpersuasive and adopts in full the thoughtful and well-reasoned R&R by Judge Parker.

Most of Defendants' objections are fully addressed by the R&R.  For those, the Court adopts in full the well-reasoned conclusions of Judge Parker.  However, the Court will briefly address the two objections that were not directly addressed in the R&R.  First, Defendants take issue with Plaintiffs' allegation upon information and belief that Alan Peck, whom Plaintiffs alleged made fraudulent statements, was Mr. Granovsky's agent.  They argue that "[p]leading 'upon information and belief' is entirely insufficient to satisfy the requirements of Fed. R. Civ. P. 9(b)."  Defendants' Objections at 5.  But none of the cases that Defendants cite in support of their argument stand for the proposition that a complaint alleging fraud must be devoid of any allegations made upon information and belief.  As the Second Circuit explained in *Wexner v. First Manhattan Co.*, "despite the generally rigid requirement that fraud be pleaded with particularity, allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge."  902 F.2d 169, 172 (2d Cir. 1990).  "This exception to the general rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.  Where pleading is permitted on

information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Id.*

As an initial matter, Defendants cite no authority for the proposition that the heightened pleading standards of Fed. R. Civ. P. 9(b) apply to establishing an agency relationship rather than only to establishing the fraud itself. *See In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 291 (S.D.N.Y. 2005) (finding that where an agency relationship was "not so closely intertwined with the claim of securities fraud that it [was] a circumstance of the fraud itself" the plaintiff did not need to plead it with particularity). But even assuming that this is required, Plaintiffs have met the standard. First, whether Mr. Peck was Mr. Granovsky's agent is clearly a fact "peculiarly within the opposing party's knowledge." *Wexner*, 902 F.2d at 172. *See Vento & Co. of New York v. Metromedia Fiber Network, Inc.*, 1999 WL 147732, at *13 (S.D.N.Y., 1999) ("Clearly whether the [defendants] asked Silverman and Sahagen to act as [defendants'] agent is information solely within the control of those parties."). Second, Plaintiffs have "adduce[d] specific facts supporting" their allegation. *Wexner*, 902 F.2d at 172. They alleged that Mr. Granovsky is the chief executive officer and owner of Hickey Freeman, that he is Hickey Freeman's Controlling Corporate Official, and that he has full operational control of the company. Complaint ¶¶ 15, 18, 62–68. They also alleged that Mr. Peck is the company's Chief Financial Officer. *Id.* ¶ 36. Finally, they alleged that both Mr. Granovsky and Mr. Peck frequently communicated with Plaintiffs about Hickey Freeman's delinquent payments and made false representations that Hickey Freeman would make the payments soon. *Id.* ¶¶ 38–39. Those allegations are sufficient to raise an inference that Mr. Peck made his statements regarding Hickey Freeman's contributions as Mr. Granovsky's agent. Therefore, the Court finds this objection unpersuasive.

Second, Defendants argue that Judge Parker improperly considered allegations regarding settlement discussions between Mr. Granovsky and Plaintiffs because "reliance on settlement

4

discussions to establish fraudulent intent violates Fed. R. Evid. 408." Objections at 15. But this is an incorrect statement of the law. Fed. R. Evid. 408 prohibits the use of evidence of settlement negotiations "either to prove or disprove the validity or amount of a disputed claim . . . ." Fed. R. Evid. 408 ("Rule 408"). The Advisory Committee makes clear that "Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim." Rule 408 Advisory Committee's Note (2006 Amendment); *see also Deluca v. Allied Domecq Quick Service Restaurants*, 2006 WL 2713944, at *2 (E.D.N.Y. 2006) ("[I]t is well-settled that Rule 408 is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions.") (citations and quotations omitted) (collecting cases).

Here, as Defendants acknowledge, Plaintiffs alleged that Mr. Granovsky made fraudulent statements and other statements that established fraudulent intent during settlement discussions. Plaintiffs did not offer those statements to establish "validity, invalidity, or amount" of a disputed claim. Rule 408 Advisory Committee's Note (2006 Amendment). Therefore, Rule 408 is inapplicable.

For these reasons and the reasons outlined in the R&R, Defendants' partial motion to dismiss is denied.

### IV.    CONCLUSION

For the reasons set forth in the R&R, Defendants' partial motion to dismiss the complaint is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 29.

SO ORDERED.

Dated:  March 28, 2024
         New York, New York

_____
GREGORY H. WOODS
United States District Judge